**Felipa LOPEZ, et al., Plaintiffs,**

v.

**Curtis BRUEGEL, Defendant.**

**Civ. A. No. CA–2–80–237.**

United States District Court,
N.D. Texas,
Amarillo Division.

May 25, 1983.

---

1. Section 50–e1(b) provides:

   William H. Beardall, Texas Rural Legal Aid, Inc., Hereford, Tex., for plaintiffs.

Jimmy L. Ross, Burkett & Ross, Dimmitt, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY LOU ROBINSON, District Judge.

This action came on for trial by the Court without a jury in the United States District Court for the Northern District of Texas, Amarillo Division, on February 10, 1983. After hearing the evidence and considering the pleadings, the Court does hereby make the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The Plaintiffs are four families of migrant workers who are residents of the State of Texas.

2. Defendant is a farmer who is also a resident of the State of Texas.

3. Plaintiffs worked on Defendant's farm during one week in July of 1979. They weeded cotton and onion crops being grown by the Defendant.

4. Plaintiffs worked as part of a crew of farm laborers, including other workers in addition to Plaintiffs.

5. The farm labor crew was recruited and furnished to Defendant by a farm labor contractor whose name was Narcisso Lucio [hereinafter Lucio].

6. Plaintiffs are migrant workers within the meaning of the Farm Labor Contractor Registration Act [hereinafter "FLCRA"]. Title 7 U.S.C. Section 2042(g) (1973).

7. Plaintiffs were employed in agricultural employment within the meaning of the FLCRA, Title 7 U.S.C. Section 2042(d) (1973), at all times relevant to this cause of action.

8. The farm labor contractor did not furnish to Defendant, nor did Defendant seek to obtain or maintain, records containing any information about Plaintiff's total wages, withholdings from wages, net earnings, hours employed, total hours worked, number of units of work performed on a piece rate basis, or rate per unit. Title 7 U.S.C. Section 2050c (Supp.1982).

9. Plaintiffs were employees of Lucio, and not of Defendant.

10. Under an agreement with Lucio, Defendant was to pay Lucio for work to be performed by Plaintiffs and Lucio was in turn to pay Plaintiffs. Defendant made various checks out to Lucio which totaled $3,697.34. This amount was to compensate both Lucio and Plaintiffs.

11. Lucio informed Plaintiffs that they would be paid $2.80 per hour for labor in the cotton fields and that he was receiving $55.00 per acre for work in the onion field, which was to be divided among the workers and himself.

12. Plaintiffs worked approximately two days in the cotton field for eight hours a day.

13. The onion fields which Plaintiffs weeded encompassed eighteen acres.

14. Plaintiffs were never paid, by either Lucio or Defendant, for work which they performed weeding Defendant's cotton and onion fields.

15. At all times relevant to this cause of action, Plaintiffs were engaged in the production of goods for interstate commerce.

16. Defendant did not, in any calendar quarter during the year 1978, use more than 500 man-days of agricultural labor.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this cause of action pursuant to Title 29 U.S.C. Section 216(b) (1965), Title 7 U.S.C. Section 2050a (Supp.1982); and Title 28 U.S.C. Section 1337 (1976).

2. No joint employer relationship existed between Defendant, his father, Carl Bruegel, or Lucio.

3. Defendant did not "employ" any of the Plaintiffs within the meaning of the provisions of the Fair Labor Standard Act, Title 29 U.S.C. Section 201, et seq. (1965).

■ 4. Defendant did not violate the provisions of the Fair Labor Standard Act by failing to pay Plaintiffs the minimum wage. Title 29 U.S.C. Section 206 (1965).

5. Defendant is entitled to the 500-man-day exemption from the minimum wage requirements under the Fair Labor Standard Act. Title 29 U.S.C. Section 213(a)(6) (Supp.1982).

6. An intentional violation of the FLRCA permits this Court to award each Plaintiff

damages up to and including an amount equal to the amount of actual damages, or $500 for each violation, or other equitable relief.

Title 7 U.S.C. Section 2050a(b) (Supp. 1982).

7. The term "intentional" in the FLCRA has been construed to mean conscious or deliberate and not to require a showing of a specific intent on the part of Defendant to violate the law, *De La Fuente v. Stokely-Van Camp, Inc.*, 514 F.Supp. 68, 79 (C.D.Ill. 1981); *Alvarez v. Joan of Arc, Inc.*, 658 F.2d 1217, 1224 (7th Cir.1981), and has been interpreted to refer only "to the common civil standard which holds a person liable for the natural consequences of his or her acts."

*Deleon v. Ramirez*, 465 F.Supp. 698, 705 (S.D.N.Y.1979). *See also Stewart v. James*, 519 F.Supp. 315, 321 (E.D.N.Y.1981).

■ 8. Defendant intentionally violated the provisions of the FLCRA in failing to "obtain from the contractor and maintain records containing information" concerning Plaintiffs' total wages, withholding from wages, net earnings, hours employed, total hours worked, number of units of work performed on a piece rate basis, or rate per unit. Title 7 U.S.C. Section 2050c (Supp. 1982).

9. Plaintiffs, unable to prove actual damages or out-of-pocket expenses, rely upon the statutory provision for $500.00 for each violation of the FLCRA and argue that each Plaintiff should recover that amount for each violation shown by the evidence. This would amount to a total liability of $9,500.00 for the Defendant.

Although the FLCRA, Title 7 U.S.C. Section 2050c (Supp.1982), reads that liquidated damages of $500.00 per Plaintiff, per violation of the Act established by the evidence, may be awarded, this Court is plainly entitled to award each Plaintiff a liquidated amount below the statutory maximum of $500.00 apiece. As shown in the relevant Senate Report, this Court may "award [liquidated] damages [where actual damages are uncalculable], *up to $500.00 for each violation....*" (emphasis added). *See* 4 U.S.Code Cong. & Ad.News, 6441, 6450 (1974). *See also Alvarez*, 658 F.2d at 1224.

10. Plaintiffs' actual damages suffered, if proven, would not have reached the level of $500.00 per Plaintiff per violation of the FLCRA by Defendant. The FLCRA was never intended to act as a device through which courts might award punitive damages for violations thereunder. Instead, the Act was intended to overcome many of the past problems involving the exploitation of both farmers and migrant workers by the farm labor contractor. In so doing, it created a system of required disclosure of terms and conditions of employment and the registration of contractors and their activities. *See* Title 7 U.S.C. Section 2041 (1973 & Supp.1982); *De La Fuente*, 514 F.Supp. at 80.

11. Each Plaintiff in this case is entitled to receive an amount which would fairly and equitably compensate him or her for Defendant's statutory violations. Each Plaintiff is, therefore, entitled to receive the sum of $200.00 each for violations of the FLCRA which Defendant committed against him or her. Defendant's total liability to Plaintiffs will be $3,800.00. This amount represents a fair and equitable compensation for each Plaintiff.

12. Any finding of fact which constitutes a conclusion of law shall be deemed a conclusion of law, and any conclusion of law which constitutes a finding of fact shall be deemed a finding of fact.

LET JUDGMENT BE ENTERED ACCORDINGLY.